UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

MICROBRIGHTFIELD, INC.,            :
      Plaintiff,                  :
                                   :
             v.                  :    File No. 1:05-CV-244
                                   :
ROBERT BOEHRINGER,                 :
      Defendant.                  :
                                   :
_____:

RULING ON PENDING MOTIONS
(Papers 30, 31, 33, and 35)

Plaintiff MicroBrightField, Inc. ("MBF") brings this action against its former employee, Robert Boehringer, alleging copyright infringement, breach of contract, unauthorized access of its computer system, and misappropriation of trade secrets, in violation of federal and Vermont law.  The case is now before the Court on Boehringer's motion to substitute counsel (Paper 31), Boehringer and his new employer Visiopharm's motions to quash a subpoena (Papers 30 and 33), and MBF's motion to compel responses to interrogatories (Paper 35).  Upon review of the motions and responses, the Court makes the following rulings.

Boehringer's motion to substitute counsel (Paper 31) is GRANTED.  As to Boehringer and Visiopharm's motions to quash the subpoena issued to Yahoo! Inc. (Papers 30 and 33), the Court assumes there is only one subpoena currently in effect -- the subpoena issued from the Northern District of California, where

1

Yahoo is located.  <u>See</u> Paper 34 at 2, n.2.  Based on that
assumption, the Court is without jurisdiction to consider the
motions to quash.  <u>See</u> Fed. R. Civ. P. 45(c)(3)(A), cmt. C45-22.
Therefore, the motions to quash are DENIED without prejudice to
renew in the event this Court has jurisdiction.

MBF moves to compel answers to interrogatories to which
Boehringer did not reply on the basis that MBF had exceeded the
federal limit of 25 interrogatories.  (Paper 35.)  The parties
are ordered to meet and confer in good faith to resolve this
issue by April 14, 2006.  <u>See</u> Fed. R. Civ. P. 33(a); <u>see</u> <u>also</u>
<u>Border Collie Rescue, Inc. v. Ryan</u>, Slip Copy 2005 WL 662724
(M.D. Fla. 2005); <u>Banks v. Office of the Senate Sergeant-at-Arms</u>,
222 F.R.D. 7 (D.D.C. 2004); <u>Kendall v. GES Exposition Serv.,
Inc.</u>, 174 F.R.D. 684 (D. Nev. 1997).  The parties should also
resolve MBF's request for production of Boehringer's computers
and data storage devices.  In the event the parties do not
cooperate and resolve the discovery issues, the Court will hold a
hearing and require attorneys to be present.  Counsel for both
sides are advised this Court will not tolerate personal attacks
upon opposing counsel, and that counsel are expected to cooperate
in the orderly and timely discovery process without the need to
waste either the Court's time or that of opposing counsel.

In conclusion, Boehringer's motion to substitute counsel
(Paper 31) is GRANTED.  Boehringer and Visiopharm's motions to

quash the subpoena (Papers 30 and 33) are DENIED without

prejudice to renew.  MBF's motion to compel (Paper 35) is also

DENIED without prejudice.  The parties shall meet and confer to

resolve these discovery disputes by April 14, 2006.

     SO ORDERED.

     Dated at Brattleboro, in the District of Vermont, this 30th

day of March, 2006.

/s/ J. Garvan Murtha

J. Garvan Murtha

United States District Judge
