```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF VERMONT


MICROBRIGHTFIELD, INC.,          :
        Plaintiff,               :
                                 :
        v.                       :   File No. 1:05-CV-244
                                 :
ROBERT BOEHRINGER,               :
        Defendant.               :
_____:
```

<u>RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT</u>
(Paper 66)

By its Motion to Amend, Plaintiff Microbrightfield, Inc. ("MBF") seeks to add Visiopharm as a defendant, several paragraphs to the complaint's factual allegations, and four new counts - tortious interference with contract (Count VI), unfair competition (Count VII), civil conspiracy (Count VIII), and breach of the duty of loyalty (Count IX).  These requested additions stem from emails that were produced to MBF on June 27, 2006.  The emails, which cover the time period from January to July of 2005 tend to show, among other things, that at Visiopharm's urging, Defendant Robert Boehringer ("Boehringer") was sending MBF data to Visiopharm and diverting potential customers to Visiopharm.

Fed. R. Civ. P. 15(a) specifies that "leave shall be freely given when justice so requires."  Accordingly, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad

1

faith or dilatory motive, . . . , undue prejudice to the opposing party . . ., etc. -- the leave sought should, as the rules require, be 'freely given.'" Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Delay alone, however, usually does not warrant denial of leave to amend. Id. at 234-35.

At this stage, the Court is unable to say that MBF's additional claims are as "utterly futile" as Defendant purports. (Paper 75-1 at 2).  For one, while trade secret misappropriation may be at the heart of MBF's case, its new claims are based upon more than just the misappropriation of source code. See, e.g., Am. Compl. at ¶ 32-33, 36.  As to jurisdiction, it appears that at a minimum, personal jurisdiction over Visiopharm may exist based upon Boehringer's actions as an employee and agent of Visiopharm.  To the extent Boehringer attacks the sufficiency of MBF's evidence, such a battle is best fought upon completion of discovery, at the summary judgment stage or trial.  Finally, a review of this case's docket reveals that while the discovery process has, to put it nicely, been hard-fought, there is no evidence that the amendment will prejudice Boehringer or that it is due to bad faith or lack of diligence on the part of MBF.  To the contrary, on June 27, 2006, MBF received an email production and soon thereafter, based upon the content of the emails, filed

the motion to amend.  It is important to note that the timing of this motion is due, at least in part, to Boehringer's own discovery strategy.

For these reasons, Plaintiff's Motion to Amend, (Paper 66), is GRANTED.  The parties shall file their revised scheduling order with the Court in accordance with Local Rule 26.1(c).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of October, 2006.

                                                /s/ J. Garvan Murtha
                                                J. Garvan Murtha
                                                United States District Judge